CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
JUN 2 8 2005
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| KIM E. FITZGERALD, | ) | CASE NO. 4:04CV00055 |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| JO ANNE B. BARNHART<br>Commissioner of Social Security, | ) | By: B. Waugh Crigler<br>U. S. Magistrate Judge |
| Defendant, | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's May 22, 2002 claim for a period of disability, disability insurance benefits and supplemental security income benefits under the Social Security Act (Act), as amended, 42 U.S.C.§§ 416, 423 and 1381 *et seq.*, is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render a report to the presiding District Judge setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter REVERSING the Commissioner's final decision but REMANDING the case for further proceedings.

In a decision eventually adopted as a final decision of the Commissioner, an Administrative Law Judge (Law Judge) found that plaintiff met the requirements of the Act

1

through the date of his decision, and that she suffered Crohn's disease, sarcoidosis, scoliosis/mild degenerative disc disease, and had a history of cocaine abuse. (R. 21.) He determined that plaintiff's impairments were severe impairments but not severe enough to meet or equal any listed impairment. (*Id.*) He further found that plaintiff's allegations regarding her limitations were not totally credible and found that she possessed the residual functional capacity, notwithstanding her impairments, to "work at the light exertional level, limited so that no climbing of ladders/ropes/scaffolds is required and only occasional climbing of ramps and stairs, balancing, stooping, kneeling, crouching, and crawling are required." (*Id.*) Having made this determination, the Law Judge was of the view that plaintiff could perform her past relevant work as an embroiderer and an inspector. (*Id.*) Because he found that plaintiff could perform her past relevant work, the Law Judge concluded that plaintiff was not disabled at that level of the sequential inquiry. (R. 23.)

The Appeals Council determined there was no basis in the record to grant plaintiff's request for review. Therefore, it denied review and adopted the Law Judge's decision as a final decision of the Commissioner. (R. 6-8.) This action ensued.

The Commissioner is charged with making the initial evaluation of the medical evidence, assessing symptoms, signs and findings, and, in the end, determining the functional capacity of the claimant. 20 C.F.R. §§ 404.1527-404.1545; *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The court should not substitute its judgment for that of the Commissioner but must determine whether there is substantial evidence to support her conclusions. A reviewing court cannot determine whether findings are supported by substantial evidence unless the Commissioner explicitly indicates the weight given to all of

2

the relevant evidence. See, e.g., *Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir. 1984); *Myers v. Califano*, 611 F.2d 980, 983 (4th Cir. 1980); *Stawls v. Califano*, 596 F.2d 1209, 1213 (4th Cir. 1979). Further, it is axiomatic that courts may remand a case to the Commissioner for the further development of the evidence where "good cause" has been shown. 42 U.S.C. § 405(g). What constitutes "good cause" draws beyond the boundaries of the substantive merits of the claim as presented in the record and is not constrained by whether the Commissioner's decision might have been supported by substantial evidence at the time of judicial review. *Walker v. Harris*, 642 F.2d 712, 714 (4th Cir. 1981). Failure to provide "a full and fair hearing ... and the failure to have such a hearing may constitute good cause sufficient to remand to the [Commissioner] under 42 U.S.C. § 405(g) for the taking of additional evidence." *Sims v. Harris*, 631 F.2d 26, 27 (4th Cir. 1980).

      Of interest to the undesigned is the Law Judge's finding that plaintiff had a history of drug (crack cocaine) abuse, which he then apparently employed to discount the weight given both plaintiff's testimony and the evidence provided by her primary treating source. In particular, the Law Judge found plaintiff's testimony to be credible in all respects except that she "omitted any mention of her crack cocaine abuse ... and the presence in her home of a crack cocaine-abusing boyfriend . . ." (R. 20.) He went further to find that plaintiff had failed to follow prescribed treatment for her abuse which "would include taking medications as prescribed and avoiding substance abuse" and which she was obligated to follow under the applicable regulations. 20 C.F.R. §§ 404.1530 and 416.930. Just a bit further in his opinion, however, he found that plaintiff's treatment was "consistent" and that the medications prescribed for plaintiff's medical impairments were "appropriate." (*Id.*) For reasons that do not appear in the

3

record, the Law Judge did not make any finding that plaintiff's failure to follow prescribed treatment for any drug abuse had any connection to the vocational effects of her documented impairments or that her drug abuse was "a contributing factor material to the determination of disability." 20 C.F.R. §§ 404.1525(e), 404.1530, 404.1535-1539, 416.925(e), 416.930, 416.935-939.

The only evidence pertaining to plaintiff's drug abuse appears in the records provided by Danville-Pittsylvania Community Services, which were before the Law Judge at the time plaintiff testified. (R. 155-159.) Thus, if the Law Judge thought these records were relevant or material to the claim, inquiry could have been made of the plaintiff at that time. Certainly, the Law Judge did not give this information any consideration during his examination of the plaintiff when she was before him, face-to-face, and, as a consequence, plaintiff's counsel had no reason to believe the subject later would play such a dispositive role in the outcome of the claim. However, not only did the Law Judge discount the statement made by plaintiff's treating physician that the "stress of trying to maintain gainful employment" exacerbated plaintiff's Crohn's disease, he essentially discredited all plaintiff's evidence which connected her inability to perform job-related activities to her physical maladies. (R. 274, 20.)

Concededly, the Community Service evidence reflects that plaintiff had been a user of crack cocaine some ten (10) months prior to her visit in June 2003, and that she struggled with the cravings that followed its use. There also is evidence that her living arrangement produced stress which may have played a role in exacerbating her Crohn's. However, the evidence is slight, if not entirely absent, as to whether plaintiff's drug use was a contributing factor to her disability, and there is no evidence that plaintiff has experienced any relapsed

4

cocaine use. Further, it is clear from the same records in which her drug use was reported that plaintiff had been drug free for the preceding ten months. The Law Judge did not follow up at the hearing with any examination that could be seen as further informing his decision with respect to either any actual effects of her alleged failure to follow prescribed drug treatment/therapy or any actual drug use and its alleged role in her disability. Moreover, neither the Act nor the regulations give the Commissioner any room to deny a claim because a claimant's home environment has produced stress that exacerbates symptoms known to be associated with a diagnosed disease such as Crohn's.

It goes without saying that these determinations by the Law Judge had an impact on the manner in which he adjudicated the balance of the issues in the case. For example, by discounting the evidence from plaintiff and her treating source, the Law Judge was then freed to discount the non-exertional effects produced by plaintiff's Crohn's disease. In turn, he then could discount that portion of the testimony of the vocational expert (VE) which revealed that if plaintiff experienced the non-exertional effects of pain, fatigue, and diarrhea which interfered with her attendance, "it would be very difficult for her to maintain and sustain full-time employment." (R. 344-345.) Moreover, when plaintiff's evidence was thus discounted, the door was opened for the Law Judge to accord "substantial evidentiary weight" to the conclusion of the DDS record consultants, who apparently determined that plaintiff retained the capacity for work at the light exertional level. (R. 17, 18, 225-231.) On the basis of this assessment, the Law Judge found plaintiff able to perform "her past relevant work as an embroiderer or an inspector as she previously performed those jobs." (R. 21.)

The undersigned questions whether these conclusions can be considered

5

supported by substantial evidence when the underlying foundations upon which they were made are not supported by substantial evidence. Clearly if plaintiff was found to have demonstrated an inability to perform her past relevant work, the burden would have shifted to the Commissioner to demonstrate that alternate gainful employment was available to plaintiff. 20 C.F.R.§§ 404.1520, 416.920; *Hunter v. Sullivan*, 993 F.2d 31 (4th Cir. 1992). This burden would have been difficult to carry in light of the VE's opinion that, were plaintiff's evidence credited, "it would be very difficult for her to maintain and sustain full-time employment," even at the light exertion level. (R. 344.)

The ultimate issue of whether plaintiff is entitled to benefits, therefore, centers on the degree to which plaintiff suffers drug addiction and whether her drug use is a material contributing factor to her disability to the extent that she would be not be disabled but for such drug use. In the undersigned's view, the record certainly raises a suspicion in that regard, but it is not sufficiently complete to allow the Commissioner to make the final leap averse to the plaintiff. There is good cause to remand the case for further proceedings in which the Commissioner should be put to the election of awarding benefits or conducting supplemental evidentiary proceedings in which both sides could present additional relevant evidence.

Therefore, the undersigned RECOMMENDS that an order enter REMANDING the case for further proceedings. The order of remand should direct that, in the event the Commissioner cannot grant benefits on the current record, she is to recommit the case to a Law Judge to conduct supplemental proceedings in which both sides may introduce additional evidence.

The Clerk is directed to immediately transmit the record in this case to the

presiding District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

6/28/05
Date